IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

RONDA CALEF,

        Plaintiff,

  v.

WACHOVIA MORTGAGE
CORPORATION, et al.,

        Defendants.
_____/

No. C 12-1392 RS

**ORDER RE JURISDICTIONAL ISSUE**

    Plaintiff Ronda Calef filed this action in San Francisco Superior Court alleging that defendants were engaged in wrongful efforts to foreclose on her home. The Superior Court granted a temporary restraining order enjoining the foreclosure sale, then set for March 13, 2012, and set the matter for hearing on Calef's application for a preliminary injunction. Prior to the hearing on the preliminary injunction, defendant Wells Fargo Bank, N.A.[1] removed the action to this court, asserting diversity of citizenship. Defendant NDEX West, LLC subsequently joined in the removal.

    Wells Fargo filed a motion to dismiss the complaint, in which NDEX joins. Calef, in turn, moved to remand the action to state court, contending the removal was improper because Wells Fargo and/or NDEX West are properly characterized as citizens of California for purposes of

---

[1] Wells Fargo is the successor in interest to defendant Wachovia Mortgage.

diversity jurisdiction. Calef also moved for a preliminary injunction from this Court, presumably in the alternative, should remand not be granted. The parties appropriately cooperated to arrange for all of the motions to be heard as expeditiously as possible, and Wells Fargo agreed to postpone the foreclosure sale to May 17, 2012 in light of the May 10, 2012 hearing date.

The present record is insufficient to permit a determination as to whether a basis to exercise removal jurisdiction exists. Although it likely would be possible to grant remand on grounds that defendants failed to meet their burden to establish jurisdiction, the circumstances warrant providing them an opportunity to clarify the evidentiary declaration they previously submitted.

At this juncture, the critical issue is the citizenship, for diversity purposes, of NDEX West, LLC.[2] "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where an owner/member of an LLC is itself an LLC (or a partnership), this principle requires tracing through to the citizenship of the constituents of that entity. The tracing process must continue until it reaches natural persons or corporations, and it is the citizenship of those persons and corporations that ultimately is dispositive. *See Hart v. Terminix International*, 336 F.3d 541, 543 (7th Cir. 2003). (Where "a partnership has as one of its partners a second partnership . . . it is the citizenship of the partners of the second partnership that matters (and if those partners are themselves partnerships, the inquiry must continue to their partners and so on)."). Calef's motion to remand asserted that the Notice of Removal filed by Wells Fargo failed to show the citizenship, or even identity, of all of the relevant owners/members of NDEX West as traced through to non-partnership or LLC constituents. In response, defendants have provided a declaration of Rene Jackson, general counsel of The Dolan Company, a corporation that ultimately owns a substantial portion of NDEX West.

While, the Jackson declaration is not entirely consistent with the assertions made in the Notice of Removal, it purports to establish that no entity or individual in the ownership chain of

---

[2] The weight of authority is contrary to Calef's arguments that Wells Fargo can be deemed a citizen of California, based on the fact that it maintains a principal place of business in San Francisco. *See*, *e.g.*, *DeLeon v. Wells Fargo Bank, N.A.*, 729 F.Supp.2d 1119 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022 (N.D. Cal. 2010).

1 NDEX West is a citizen of California. Calef contends the declaration is "artfully drafted" to avoid
2 addressing the citizenship of all relevant persons, and she argues that publicly-available information
3 regarding the Dolan Company suggest there may in fact be some California residents who are
4 members of one or more of the relevant entities.

Without presuming any deliberate attempt to be vague, the Jackson declaration is inadequate for all of the following reasons. First, defendants have failed to make clear who the limited partners of National Default Exchange Holdings, LP ("NDEX Holdings") are. The *general* partner is identified as National Default Exchange Management, Inc. ("NDEX Management"), a Delaware corporation "headquartered" in Texas. Another LLC, American Processing Company, LLC ("APC") is then identified as "owning" 86% of both the limited partnership and its general partner, with the "remaining 14% of the limited partnership interest" being owned by THP/NDEX AIV, LP ("THP"). If it is the case that the only limited partners of NDEX holdings are APC and THP (or perhaps only THP), defendants should so state. If there are other limited partners, they must be identified and their citizenship shown.[3]

Second, the Jackson declaration asserts that 6% of APC is owned by "individuals, all of whom are residents of the State of Texas." While it may not be absolutely necessary to identify all of the individuals by name, this assertion is too conclusory and lacks foundation. Defendants should (1) clarify whether or not Dolan APC, LLC and those individuals are the *only* members/owners of APC, and (2) establish through competent evidence the *citizenship* of those individuals. See *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

Finally, with respect to all of the ownership strands that terminate in corporations, defendants must show where each of those corporations maintains its principal place of business.

---

[3] Calef asserts that under the laws of the relevant jurisdictions, an LLC may have "members" who do not own interests in the LLC. If there are any such members of the LLCs involved here, they must be identified and their citizenship established. If defendants contend that the citizenship of any such members may be disregarded for purposes of establishing jurisdiction, they should submit authority for that proposition.

1 While the Jackson declaration's use of the phrase "headquartered" may have been intended to mean
2 the same thing, it creates an ambiguity that should be resolved.[4]

3 Accordingly, the hearing set for May 10, 2012 is vacated. No later than May 18, 2012,
4 defendants shall file an additional declaration or declarations addressing these points. Calef may
5 thereafter file a response, not to exceed five pages, no later than May 23, 2012. The motion for
6 remand will then be taken under submission without oral argument. In the event the motion for
7 remand is denied, the motion to dismiss and the motion for preliminary injunction will either be
8 reset for hearing or also submitted for decision without oral argument, in the Court's discretion.

9 Furthermore, in the event it is ultimately determined that the removal was improper, it would
10 be unjust for defendants to have gained through the removal the ability to consummate the
11 foreclosure sale prior to a ruling in either court on Calef's motion for a preliminary injunction. No
12 later than noon on May 15, 2012, therefore, Wells Fargo shall either file a notice that the foreclosure
13 sale will be postponed to the appropriate day in June, or shall file a brief, not to exceed seven pages,
14 setting out any argument it may have as to why a temporary restraining order should not issue
15 enjoining the sale until the jurisdictional questions are settled and the motion for preliminary
16 injunction can be heard, either in this forum or in state court after any remand.

18 IT IS SO ORDERED.

20 Dated: 5/8/12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[4] Calef's further argument that the Jackson declaration is inadequate because it does not "allege who owns the additional 14% of NDEX Management, Inc., or what state they are a citizen of" is without merit. That entity is a *corporation*. Its citizenship for diversity purposes does not depend on the citizenship of its owners.

4