**NELSON W. GOODELL, ESQ., SBN 264734**
The Goodell Law Firm
5 Third Street, Suite 1100
San Francisco, CA 94103
(415) 495-3950 (office)
(415) 495-6900 (fax)

Attorney for Plaintiff
RONDA CALEF

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| RONDA CALEF, | **Case No: CV 12-01392 RS** |
| Plaintiff, | Hon. Judge Richard Seeborg |
| v. | **REPLY TO DEFENDANT NDEX WEST'S SUPPLEMENTAL DECLARATIONS REGARDING CITIZENSHIP OF NDEX WEST, LLC** |
| WACHOVIA MORTGAGE | |
| CORPORATION; WELLS FARGO BANK, | |
| N.A.; NDEX WEST, LLC.; and DOES 1-20; | |
| Defendants. | |

In response to this Court's order on May 8, 2012 stating that the evidence presented thus far was "inadequate" to establish diversity jurisdiction, yet again, NDEX West, LLC ("NDEX West") respond with declarations that explicitly does ***not*** state its citizenship, nor the citizenship of the entities that it claims are its member and/or "constituent owners." However, in a case cited in this Court's May 8, 2012 order, the Ninth Circuit has ruled that "[a]bsent unusual

circumstances, a party seeking to invoke diversity jurisdiction should be able to ***affirmatively
allege*** the citizenship of the relevant parties."   *Kantner v. Warner-Lambert,* 265 F.3d 853, 857
(9th Cir. 2001) (emphasis added).  Since NDEX West has been given two opportunities to do so,
and has refused to state which states they are citizens of, the strong presumption against diversity
jurisdiction means that this case must be remanded forthwith.  *See Gaus v. Miles,* 980 F.2d 564,
566 (9th Cir. 1992); *Lindley Contours, Inc. v. AABB Fitness Holdings, Inc.*, 2011 WL 398861, at
*1 (9th Cir. 2011).

### I.  Ms. Jackson's Declaration Remains Insufficient to Justify Diversity Jurisdiction

As stated above, Ms. Jackson, who is not an employee of NDEX West, does *not* allege
the citizenship of NDEX West, nor does she alllege the citizenship of American Processing
Company, LLC ("APC") or THP/NDEX AIV, L.P. ("THP LP").  While Ms. Jackson's
declaration states again that "APC is the majority limited partner (86%) in NDEX Holdings and
is a Michigan limited liability company with its principal place of business in Michigan", "[t]he
'headquarters' of a limited liability company is not germane for the purposes of diversity
jurisdiction.  Unlike the citizenship of a natural person, the citizenship of a limited liability
company or other unincorporated entity is the citizenship of its members."  *Solberg v. NDEX
West, LLC*, 2011 WL 1295940 at *3 (N.D. Cal. Apr. 7, 2010) (citing *Johnson v. Columbia
Properties*, 437 F.3d  894, 899 (9th Cir. 2006)).

Ms. Jackson's purports to address the citizenship issue by listing the different
"constituent owners", and where they are headquartered and who they are owned by, but such a
declaration does not equal an ***affirmative statement*** specifying which states these respective
entities are citizens of.  *Kantner*, 265 F.3d at 857.  Indeed, Magistrate Judge Nathaniel Cousins
of this Court ruled earlier this year, in a case involving a limited partnership and a LLC, that

"[f]ederal courts are courts of limited jurisdiction, and the court is presumed to lack jurisdiction unless the contrary appears *affirmatively* from the record." *W Investors, L.P. v. Shannon Investments, LLC*, 2012 WL 118523, at *1 (N.D. Cal. Jan. 13, 2012) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342, n.3 (2006)).

Notably, Ms. Jackson *does* allege the citizenship of the individuals referred to as the NDEX Sellers, but chooses not to allege the citizenships of the different business. Thus, the Court and plaintiff are left to guess and figure out for ourselves exactly which states these parties are citizens of. However, it is not the burden of the plaintiff nor this Court to engage in such a searching inquiry as, per Ninth Circuit authority, it is the defendants' burden to conclusively state the citizenship of the respective parties. *Kantner*, 265 F.3d at 857; *Lindley v. AABB Fitness Holdings, Inc.*, 2011 WL 398861, at *4 (9th Cir. 2011),

Per the Ninth Circuit's holding in *Lindley,* the state of citizenship of *all* of the "owners/members" of an LLC must be alleged. *Lindley*, 2011 WL 398861, at 4. Indeed, in *Lindley*, the Ninth Circuit explicitly ruled that in diversity cases where a defendant limited liability corporation has "partnerships, *limited partnerships,* or limited liability corporations as members, *the citizenship of each individual member must be alleged (and if these members included partnerships, limited partnerships, or limited liability corporations, **the citizenship of each individual member of those entities must be alleged** – and so on)*." *Id*. at 4 (emphasis added). In *Lindley,* counsel for the Appellant presented a declaration stating that none of the Appellees were citizens of Oregon, but failed to explicitly state which states they are citizens of. *Id.* at 5. In *Lindley*, **the Ninth Circuit explicitly rejected such a declaration and held that "[i]n light of the Appellees burden to establish complete diversity, such conclusory statements are insufficient." Id.** Thus, it is apparent that simply providing a declaration listing the states

where different entities that own the relevant entities are based and located does not suffice, but rather the ***actual citizenship*** of the different entities must be alleged.

Moreover, another district court located in the Ninth Circuit has noted that, in *Lindley*, the Ninth Circuit "expounded its holding in *Johnson* [ *Johnson v. Columbia Properties*, 437 F.3d 894 (2006)] to articulate more clearly the specificity required to establish the citizenship of partnerships and limited liability companies." *Traeger Grills East, LLC v. Traeger Pellet Grills, LLC*, 2011 WL 5439330 (D. Or. Nov. 9, 2011). The Court noted that the facts in *Lindley* "are nearly identical to the facts in this case. Both the Defendant and *Lindley Contours* defendants failed to affirmatively state the *citizenship* of their LLC and limited partnership members; thus both defendants have failed to satisfy their burden of complete diversity. Both the Defendant and *Lindley Contours* defendants made statements to the effect that it is not composed of citizens from the state or states that would destroy diversity, which the Ninth Circuit found to be 'conclusory statements' that were 'insufficient' to meet the defendant's 'burden to establish complete diversity." *Id.* at 3-4. Thus, the Court remanded the case.

In the situation at bar, this Court should find, just as the *Lindley* and *Traeger Grills* Court found, that, absent a statement that affirmatively alleges the citizenship of the relevant parties, the defendants have failed to meet their burden. Consequently, Ms. Jackson's conclusory statement that "neither NDEX West nor any of its constituent owners is a citizen of California" does not suffice to establish diversity jurisdiction, per *Lindley*, and it is well-settled Ninth Circuit law that "[f]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992)

**II. Mr. Treder's Declaration Also Does not Overcome the Defendants' Burden**

In addition, Mr. Treder's declaration does not shed additional insight regarding the citizenship of NDEX West. Mr. Treder states that he is the managing partner of Barrett Daffin Frappier Treder & Weiss, LLP. Further, Mr. Treder states that James Frappier, who is an owner of American Processing Company, LLC, is not a partner in his firm, and that Mr. Frappier is a resident and citizen of Texas. However, Mr. Treder states that another law firm, Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE") is a partner in his firm. Mr. Treder goes on to say that unnamed individuals, identified as the NDEX Sellers which are the minority owners of APC, LLC, are citizens of Texas. However, nowhere in Mr. Treder's declaration does he allege the citizenship of the other entities that Ms. Jackson's declaration also fails to identify.

### III.  CONCLUSION

As the Court noted in its last order, it is necessary for NDEX West to base their claims of diversity through competent evidence. They have not done so, and it well-established that "the proponent of federal jurisdiction-typically the defendant in the substantive dispute-has the burden to prove, by a preponderance of the evidence, that removal is proper." *Gaus v. Miles, Inc.*, 908 F.2d 564, 567. There is no genuine argument that a defendant that refuses to state what states they are citizens of has not proved, by a preponderance of the evidence, that they are diverse from the plaintiff, nor have they overcome the strong burden against removal jurisdiction. Thus, the plaintiff requests that this Court remand this case to the San Francisco County Superior Court and grant the plaintiff's request for attorneys' fees.

**Date: May 23, 2012**

_____/s/ Nelson W. Goodell_____
NELSON W. GOODELL
The Goodell Law Firm